COMMISSIONER OF HIGHWAYS OF THOMPSON TOWNSHIP v. ARTHUR BEEBE, COUNTY SURVEYOR.

*Action based on want of professional skill—demurrer.*

The declaration in an action by a commissioner of highways against the county surveyor for his failure to lay out a quarter section line correctly, is not demurrable on the ground that defendant is sued in his individual character while described in his official.

Error to Schoolcraft.   (Steere, J.),  Oct. 10.—Oct. 15.

CASE.   Plaintiff brings error.   Reversed.

*W. F. Riggs* for appellant.

*Geo. K. Newcombe* for appellee.

SHERWOOD, J.   In the month of August, 1883, the commissioner of highways of the township of Thompson, in the county of Schoolcraft, laid out and established a highway on the quarter line running east and west through section 31 in said township, and as such commissioner, at the instance and request of the defendant, and for certain compensation, employed him to make a survey of, locate and properly designate the said quarter line, it being the center line of the highway, to enable the plaintiff to open and improve the same.   The defendant entered upon the business of making

the survey, and so negligently and unskillfully performed the work that he failed to ascertain or designate said quarter line by his survey, thus rendering it necessary to make a new survey, and abandon a large amount of rôad constructed at large expense on the line designated by the defendant before his mistake had been ascertained, to the great damage of the plaintiff, to recover which he brought this action on the case.

The defendant interposed a demurrer to the plaintiff's declaration, which was overruled by the circuit judge, and the defendant brings the case into this Court, alleging error upon that ruling.

The demurrer was special, and the causes relied on were as follows: " (3) The said declaration, and the cause of action alleged therein, are double and not single ; (4) the said action is brought against said defendant as county surveyor, and yet said declaration alleges a cause of action against said defendant individually ; (5) the said declaration alleges no sufficient cause of action ; (6) it does not appear in and by said declaration, that the plaintiff was authorized by law to lay out and establish the highway described therein ; (7) it does not appear in and by said declaration, that said plaintiff was authorized by law to let any contract for the construction of said highway."

We do not think the demurrer is well taken.    There is no question made but that the plaintiff has the right to maintain the suit.    The declaration avers the laying out and establishing the highway in accordance with the statute upon the quarter line ; the employment of the defendant to survey, ascertain and designate the line pursuant to the statutory requirement ; that under the employment it was the defendant's duty to perform the work properly, skillfully and correctly, and that he failed and neglected so to do, and in consequence of the neglect the plaintiff was damaged, and states the items of damage; this was sufficient, and if these averments were properly sustained by proofs would entitle the plaintiff to recover.    The plaintiff was not required to state the proofs in his declaration.    The mention of the defendant

as county surveyor was of no significance.　The duty averred was that arising from the employment of the defendant, and not from the office he held ; but under either he would be required to do the work undertaken properly and correctly.

We think the declaration clearly apprises the defendant of the nature and extent of the claim made against him. Whether he was a professional or official surveyor, or represented himself as such, his undertaking was that he should bring to the work the necessary knowledge and skill to perform the same properly and correctly ; and if he failed so to do, and the employer sustained damage in consequence of such failure, the plaintiff will be entitled to recover.

The judgment must be reversed, and the demurrer overruled with leave to defendant to plead to the declaration.

The other Justices concurred.