[No. 9746. Department One. December 16, 1911.]

## C. E. TAFT, *Respondent*, v. H. W. RUTHERFORD *et al.*, *Appellants.*[1]

BOUNDARIES—LIABILITY OF SURVEYOR—ERRONEOUS SURVEY—NEGLIGENCE. Where a surveyor was employed to establish the lines of a lot for the purpose of erecting thereon an apartment house, and such a house, not an expensive one of its kind, was erected in reliance on the survey, the surveyor is liable in damages for the cost of removal of the building where, through negligence and error in the survey, the house was placed five feet in the street, and the owner was compelled to move it.

SAME—NEGLIGENT SURVEY—DEFENSES. Where a surveyor was employed to make an accurate survey of a lot for the purpose of erecting thereon an apartment house, he cannot escape liability for negligence by showing that the survey was not guaranteed and that it was customary to give a certificate of accuracy upon the payment of a larger fee than he was paid.

[1]Reported in 119 Pac. 740.

Same—Evidence—Proof of Negligent Survey—Sufficiency. In an action against a surveyor for damages from an erroneous survey of a lot, negligence is shown by evidence that the survey was wrong and that the parking strip was overlooked or the figures on the chain misread.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 1, 1911, upon findings in favor of the plaintiff, in an action in tort, after a trial to the court without a jury. Affirmed.

*Arthur R. Rutherford* and *Austin E. Griffiths* (*Paul Shaffrath*, of counsel), for appellants.

*S. A. Keenan*, for respondent.

Mount, J.—This case was tried to the court without a jury. The court entered a judgment in favor of the plaintiff for $1,267.50, on account of damages sustained by an erroneous survey of the plaintiff's lot by the defendants. The defendants have appealed.

It appears that the defendants are civil engineers. The plaintiff owned a certain lot in the city of Seattle, upon which lot he desired to construct an apartment house. He employed the defendants to survey the lot and to give him the correct lot lines and street elevations. The defendants did survey the lot and set stakes upon the ground, and made a profile or plat showing the location of the lot lines and the street elevations, and delivered the same to the plaintiff, who paid the fee charged therefor—$12. There is some dispute in the evidence as to whether the defendants were informed of the character of the house which plaintiff desired to construct. The court found upon this question:

"That, at the time of the making of said contract, the erection of a building on said ground was mentioned, and defendants then knew, or had sufficient information at that time to lead them to know, that said survey was desired to guide the plaintiff in the erection of a building on said

9—66 Wash.

ground; (4) that plaintiff desired said survey and profile for the sole purpose of ascertaining the correct outlines of said property before erecting thereon an apartment house as the defendants then knew."

The plaintiff relied upon the survey as made, and constructed an apartment house on the lines as fixed by defendants upon the ground. After the building was about completed, the city of Seattle notified defendants that the front of the building was located about five feet in the street, and he was notified to remove the building. Plaintiff thereupon notified the defendants of this fact, and demanded that they move the building back onto the lot. Defendants refused to do so, and plaintiff moved the building at a cost of $1,267.50. This action was brought to recover that sum, and other damages. The judgment was entered for the reasonable cost of removal.

Counsel for appellants seem to concede that a mistaken survey would involve the surveyor in liability for damages directly due to the mistake, such as the cost of a correct survey. But it is argued that the damages here claimed are special, and beyond the power of the surveyor to limit. It is no doubt true that the owner may have in mind the construction of a cheap building, and so inform the surveyor at the time the survey is ordered, and afterwards change his mind and construct a large stone, steel, or other expensive building. In such case the surveyor might not be liable for the damages to the expensive building upon a mistaken location caused by an erroneous survey, because the survey was not made in contemplation of such building. But it seems clear, where the survey is made with reference to a particular building or use to which the lot is put, the surveyor would be liable for the damages naturally flowing from his error, because the parties had that use in contemplation. *Sedro Veneer Co. v. Kwapil*, 62 Wash. 385, 113 Pac. 1100; *Commissioner of Highways v. Beebe*, 55 Mich. 137, 20 N. W. 826. The building erected in this case was not an expensive

building of its kind. While the character of the building was not discussed, it was stated to be an apartment house, and the building constructed appears to have been the ordinary kind of such houses.

It is also argued that the trial court erred in striking a portion of the answer, to the effect that it was the custom to guarantee the accuracy of surveys by certificate for which a larger fee was charged than in cases where the boundaries are ascertained without reference to the improvement of the lot, and that the survey made in this case was of the latter kind, and the smaller fee was charged; and, also, that the court erred in excluding evidence to the same effect. We think the court properly excluded such evidence. It was conceded upon the trial that the defendants were employed to make an accurate survey, whether they gave a certificate or not or received a large or small fee. Whether they gave a certificate or not, or whether they received a large or small fee, would not change the liability so as to relieve them from negligence. The contract of employment was definite and certain, to the effect that they would make an accurate survey; and it was known that the survey was for the purpose of erecting an apartment house upon the lot. The custom of giving a certificate for which a higher price was charged would be wholly immaterial in such case. Such certificate might operate as an assurance of accuracy, and render the surveyor liable on account of a mistake or error to respond in damages for any building however expensive, whether erected with or without knowledge of its character. But where it is shown that the surveyor knows the character of the building for which the survey is made, the custom alleged would not relieve him from liability.

It is argued that the evidence shows that the defendants used due care. It is admitted that a wrong survey was made. It was shown that the defendants, or the agent who actually did the work on the ground, overlooked the parking strip or misread the figures upon the chain, and that in this

way the mistake occurred. This was clearly not due care. The judgment is affirmed.

Dunbar, C. J., Parker, Fullerton, and Gose, JJ., concur.